[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED UPON PRINCIPAL EMPLOYER DEFENSE
Defendant University of Bridgeport moves for summary judgment against plaintiff Richard Adler who alleges in his complaint that he sustained injuries while he was employed by Daka, Inc. as the director of food service in the student center cafeteria at the University of Bridgeport. Defendant University asserts that it is not liable in court for any of plaintiff's injuries because of the protection afforded by the principal employer defense of the Worker's Compensation statute, C.G.S. 31-291. CT Page 822
In determining whether the principal employer defense is available the courts rely on a three part test. "The principal employer defense requires that three elements must be satisfied: (1) The relation of principal employer and contractor must exist in work wholly or in part for the former; (2) the work must be on or about premises controlled by the principal employer; and (3) the work must be a part or process in the trade or business of the principal employer. [citations omitted]. Alpha Crane Service, Inc. v. Capitol Crane Co.,6 Conn. App. 60, 72 (1986); cert. denied 199 Conn. 808 (1986).
The parties dispute only the third prong of the test. In support of its motion for summary judgment, the defendant claims the plaintiff's employer entered into a contract with the defendant to provide food services to both day students and boarded students. Defendant further claims such "services" are trades which are necessary to the routine functioning of "the university." Plaintiff claims such a determination is a disputed issue of material fact.
Each of the elements of the principal employer defense "ordinarily constitutes a question of fact to be determined by the jury." Alpha Crane Service, Inc., Id. at 72. However, "[w]here the evidence permits no real dispute as to the existence of these three conditions, a verdict may be directed." Id. at 72.
The third element of the principal employer defense "has been defined as including `all these operations which enter directly into the successful performance of the commercial function of the principal employer. If the work is of such a character that it ordinarily or appropriately would be performed by the principal employer's own employees in the prosecution of his business, it is a part or process in his business.' [citations omitted]." Alpha Crane Service, Inc., supra at 74-75.
The Court finds that a genuine issue exists as to whether the provision of food services is necessary to the routine functioning of the University of Bridgeport. This issue is in dispute as a matter of fact and the Court has insufficient evidence upon which to resolve this disputed issue.
Accordingly, defendant's motion for summary judgment is denied.
CLARANCE J. JONES, JUDGE CT Page 823